

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-16-2008

# Andreas v. Coca Cola N Amer

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5014

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Andreas v. Coca Cola N Amer" (2008). *2008 Decisions*. Paper 1734.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1734

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 06-5014

———————

SANDRA ANDREAS
Appellant

v.

COCA-COLA NORTH AMERICA

———————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 06-cv-00357)
Magistrate Judge:  Hon. Jacob P. Hart

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 11, 2008

BEFORE:  FISHER, JORDAN and STAPLETON,
*Circuit Judges*

(Opinion Filed:  January 16, 2008)

———————

STAPLETON, <u>Circuit Judge</u>:

Appellant Susan Andreas, following termination of her employment with appellee Coca-Cola North America ("Coca-Cola"), filed this suit in the Court of Common Pleas of Lehigh County, Pennsylvania, alleging that Coca-Cola discharged her because of her age (in violation of federal law) and in retaliation for her having filed a claim for workers' compensation benefits (in violation of Pennsylvania law). Coca-Cola removed the case to federal court. Thereafter, Andreas voluntarily dismissed her age discrimination claim, and Coca-Cola moved for summary judgment on her retaliation claim. The District Court, exercising its supplemental jurisdiction, granted summary judgment in favor of Coca-Cola.

We affirm essentially for the reasons set forth in the thorough and careful opinion of the Magistrate Judge. Viewing the summary record in the light most favorable to Andreas, she has failed to tender a *prima facie* case of a causal connection between her termination and her filing for workers' compensation benefits. Nor has she tendered

2

evidence from which a jury could find that Coca-Cola's explanation for her termination[1] was a pretext.

Accordingly, the judgment of the District Court will be affirmed.

---

[1]*I.e.*, that "it terminated Andreas in accordance with its normal personnel policies and procedures, because she remained unable to perform the duties of her regular-duty position after a 90-day modified work assignment, followed by thirteen weeks of short-term disability leave, and because she was unable to locate a position with Coca-Cola which she could perform, within the following 30 days." JA at 17.